### ZANESVILLE (city) v KING

Ohio Appeals, 5th Dist, Muskingum Co
Decided March, 1930

T. F. Thompson, Zanesville, for City.
George & Leasure, Zanesville, for King.

LEMERT, PJ and SHERICK, J (5th Dist) and ROBERTS, J (7th Dist) sitting.

### LEMERT, J.

The plaintiff in error by its petition claims several, or the usual, grounds of error, but it relies principally and chiefly upon three grounds; to-wit,

1. That the Court erred in its charge to the jury relative to the violation of the Statute or Ordinance by defendant below, and that the Court erred in admitting, on behalf of plaintiff, Section 413 of the City Ordinances, over the objection of defendant.

2. Plaintiff in Error claims that the Court erred in refusing to charge the jury as requested by defendant below; the Request to be found on Page 84 of the transcript in this case.

3. Plaintiff in Error contends that the judgment rendered did not respond to the law and the evidence.

Coming now to consider the grounds of error insisted upon by Plaintiff in Error, to-wit, the first ground, that the Court erred in its charge to the jury relative to the violation of the Statute or Ordinance by defendant below.

We find that at the top of page 80 in the transcript, the Court charged "I further charge you that the violation of the

Statute or Ordinance, passed for the protection of the public, is negligence per se—that is, of itself—and where such act of negligence by the defendant is the direct and proximate cause of the injury, not directly contributed to by the injured person, the city is liable, etc."

It is further claimed by the Plaintiff in Error that the Court erred in admitting on behalf of plaintiff, Section 413 of the City Ordinance, over the objection of defendant. Said city Ordinance reads as follows:

"It shall be unlawful for any person to place or to permit to be placed in any street or alley of this city any firewood, lumber or material for building, to remain a longer time than one day, except as hereinafter exempted, or to place or to permit to be placed in any street or alley any shavings, chips, ashes, earth, stone, brick, gravel, sand, manure, filth, nuisance or obstruction of any kind whatever, to the annoyance, detriment or inconvenience of those residing in the neighborhood, or to the public, in the free use of said street or alley. Any person offending against any of the provisions of this Section shall be fined in any sum not more than Five Dollars, and every twenty-four hours that any such nuisance or obstruction shall remain afterwards shall be considered as a new offense, and the offender, on conviction thereunder, shall be fined not exceeding Five Dollars for each offense."

After a careful examination of the testimony introduced in this case we find and hold that the charge of the court to the jury with reference to this Ordinance and the admitting of such Ordinance in evidence and permitting counsel for plaintiff to read same to the jury, was error. We further find and believe it was prejudicial error.

There was nothing in the entire evidence on behalf of the plaintiff that authorizes or would warrant the Court in making such a charge. It would have the tendency to, and no doubt did, instill in the minds of the jury that, from the evidence as adduced, the said defendant below violated one of its own Ordinances, which would, in law, amount to a misdemeanor and thereby subject the City, itself, to a fine—or, in other words, the City, itself, could not violate its own Ordinance.

Taking the evidence as a whole, it shows that the only thing that was done by the City was that the City had, several years prior thereto, construectd a water plug in said alley, and by the wearing away of water and automobiles and of some dirt on one side of the plug had left part of the plug on one side exposed three or four inches.

With reference to the other claimed charges of error complained of by plaintiff in error, we find there is no error.

It therefore follows, for the reasons hereinbefore given, that there is error in this case prejudicial to the rights of the plaintiff in error, the defendant below, and the judgment herein will be reversed and said cause remanded to the Court below for further proceeding according to law.

Exceptions may be noted.
Sherick, J., and Roberts, J., concur.